COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Maxine Adams and Cecil Adams v. Rebecca Ross

Appellate case number:   01-11-00552-CV

Trial court case number:  2010-12207

Trial court:              269th District Court of Harris County

Appellant Maxine Adams has filed four letters with the Court, informing the Court of alleged inaccuracies or errors in the appellate record in this cause. Similar to the letter-motion previously filed by appellant Cecil Adams, two of these letters do not actually request that the Court take any action, although they appear to seek to have the Clerk of this Court send notice of the alleged defects to the trial court clerk for correction pursuant to Rule 34.5(d). *See* TEX. R. APP. P. 34.5(d). Further, these letter-motions fail to include a certificate of service and are not verified. *See* TEX. R. APP. P. 9.5(a), (b), (d), 10.1(a)(3), (4), 10.2.

Nevertheless, because appellant Maxine Adams fails to establish any errors or inaccuracies that have not previously been addressed by the Court, we will address her contentions.

In the first letter-motion, Maxine Adams argues that the "3rd Supplemental Clerks Record" erroneously "indicates that cost of the supplemental record was charged [sic] Maxine Adams," who "did not designate a single record in the supplemental record." She therefore requests that the Clerk of this Court instruct the trial court clerk to "correct" the record "to reflect that no party was charged for the cost of the record as Cecil Adams in [sic] the indigent party responsible for the appellate record."

Maxine Adams and Cecil Adams are co-appellants and are both responsible for paying for the appellate record in this appeal. As stated in our May 28, 2013 order: "Maxine Adams is a party responsible for payment of the appellate record and . . . any document necessary to Cecil Adams' appeal is also necessary for her appeal," so she "may be responsible for the costs of the appellate record upon conclusion of the appeal." However, because Cecil Adams is entitled to the record necessary to the appeal without advance payment for the record, the trial court clerk may not delay the filing of the record to wait for payment from Maxine Adams. Accordingly, the notation on the supplemental clerk's record stating "Charged to Maxine Adams" is not erroneous and need not be corrected, and we deny the request for correction in the letter-motion.

In the second motion, Maxine Adams states that the index page of the 3rd supplemental clerk's record erroneously indicates that the document styled "Maxine Adams and Cecil Adams Motion in Limine for Damages Relating to Adams Minor" was filed on May 20, 2011, when it was actually filed on June 20, 2011. The contents of the record, however, reflect that the document was filed on June 20, 2011, and the notation on the index page does not affect the contents of the record. Therefore, there is no error or inaccuracy in the record necessitating correction, and we deny the motion.

In the third motion, Maxine Adams seeks the same relief as requested by Cecil Adams in his letter-motion filed June 18, 2013. We have previously addressed that motion and therefore have addressed the relief requested by Maxine Adams. Accordingly, we dismiss the motion as moot.

Finally, in her fourth motion, Maxine Adams states that the index page of the clerk's record filed on January 14, 2013 erroneously indicates that the document styled "Maxine Adams and Cecil Adams' Motion for Reconsideration of New Evidence" was filed on May 20, 2011, when it was actually filed on June 20, 2011. Here again, the contents of the record show that the document was filed on June 20, 2011, and a notation on the index page cannot affect the contents of the record. Therefore, there is no error or inaccuracy in the record necessitating correction, and we deny the motion.

Appellants' brief is still due on June 25, 2013.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown

       ☑ Acting individually     ☐ Acting for the Court


Date: June 21, 2013